UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tiffany L. Howell,<br>        Plaintiff,<br><br>v.<br><br>The Medical University of South Carolina and Medical University Hospital Authority,<br>        Defendants. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII") on the basis of racial discrimination and gender/sex discrimination, and The Pregnancy Discrimination Act, 42 U.S.C. §2000e, *et. seq.,* as amended and retaliation.

    a. The Plaintiff filed a charge of employment discrimination on the basis of sex/gender discrimination, pregnancy discrimination, racial discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

    b. Notice of the Right to Sue was received from EEOC on or about April 23, 2024.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of Right to Sue.

2. The Plaintiff, Tiffany L. Howell, is a citizen and resident of Dorchester County, State of South Carolina.

3. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

4. The Defendant, The Medical University of South Carolina, upon information and belief, is a domestic nonprofit corporation organized and doing business in the State of South Carolina.

5. The Defendant, Medical University Hospital Authority, upon information and belief, is a domestic nonprofit corporation organized and doing business in the State of South Carolina.

6. The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and The Pregnancy Discrimination Act.

7. The Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Pregnancy Discrimination Act.

8. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendants employ twenty (20) or more employees and is an "employer" within the meaning of The Pregnancy Discrimination Act.

10. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. On or about August 1, 2021, Plaintiff (African American) began working for Defendants as a Human Resource Specialist. The Plaintiff was efficient and effective in her work.

12. On or about February 7, 2022, Plaintiff notified Defendants that she was pregnant. The Plaintiff also provided Defendants with a doctor's note, due to the pregnancy being high risk.

13. After the Plaintiff informed the Defendants that she required accommodations due to her pregnancy, the Defendants began discriminating against the Plaintiff due to her pregnancy. Similarly situated Caucasian non-pregnant co-workers were allowed to work from home, but Plaintiff was not.

14. The Plaintiff requested accommodations, such as being able to work from home, but the Human Resources Supervisor, Page Russell, and the Human Resources Director, Dee Crawford, denied Plaintiff's accommodations. Ms. Russell even told Plaintiff's co-workers that Plaintiff only told them she was pregnant so they wouldn't bother her about her job. Also, Ms. Russell stated that Plaintiff was not really pregnant.

15. In or about March 2022, Plaintiff requested additional training. Ms. Russell told Plaintiff, "Not giving you the training because you are just going to get pregnant again," and "you people known how to work the system, you'll get a better ring than me."

16. On or about April 4, 2022, Plaintiff had a meeting with Ms. Crawford and LaTonya Allen, Human Resources Manager for Benefits. At this meeting Plaintiff reported the racial and pregnancy discrimination to Ms. Crawford. Ms. Crawford told Plaintiff "We are not talking about this (discrimination), we are here to talk about tardiness." Ms. Crawford also told Plaintiff that she would talk to Page."

17. Ms. Crawford did end up taking one of the tardies off Plaintiff's record in a hopes Plaintiff wouldn't further report the discrimination, as Ms. Crawford was "playing" off the things that Ms. Russell said to Plaintiff as a "joke."

18. On or about April 11, 2022, Plaintiff had a telephone conference with her supervisor, Theo Lu. Mr. Lu told Plaintiff that because she was an employee for less than a year, she couldn't file a grievance, but she did report the discrimination to Mr. Lu, and again nothing was done.

19. On or about May 4, 2022, Plaintiff was terminated over the phone at the end of day for absences. The Defendants' reasons for Plaintiff's termination are pretextual in nature and not the real reason for her termination.

20. The Plaintiff was discriminated and retaliated against due to her race, pregnancy, gender/sex, and need for accommodations due to her pregnancy.

21. The Plaintiff performed the functions of her job in a satisfactory manner throughout her employment with the Defendants and was terminated due to racial discrimination, gender/sex discrimination, and in retaliation for her pregnancy, and need for accommodations.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights Title VII – Gender/Sex Discrimination

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. The Plaintiff is a member of a protected group on the basis of her sex and gender. The Plaintiff was an employee for a position that she was qualified for and subsequently discriminated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

24. The Defendants were wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex/gender (female); and

   b. In terminating the Plaintiff's employment for actions that other, employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee.

25. The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et. seq.*) by allowing discrimination to exist in the workplace.

26. The Plaintiff's sex/gender (female) was determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's sex/gender, she would not have been terminated.

27. The Defendants' wrongful discrimination, preferential treatment and inappropriate behaviors as set forth above constitute discrimination against the Plaintiff due to her sex/gender, which constitutes a violation of clear mandate of public policy of the State of South Carolina.

28. The aforesaid conduct of the Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et. seq*.).

29. As a direct and proximate result of the acts and practices of the Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Pregnancy Discrimination Act

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. The Plaintiff is a member of a protected group on the basis of her pregnancy. The Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and terminated from a job due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

32. The Defendants were wanton and intentional in the discrimination against the Plaintiff in the following particulars, to wit:

   a. In retaliating against the Plaintiff due to her pregnancy;

   b. In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy; and

   c. In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee.

33. The Defendants violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

34. The Plaintiff's pregnancy was a determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's pregnancy, she would not have been terminated.

35. The Defendants' wrongful discrimination, preferential treatment and inappropriate behaviors as set forth above constitute discrimination against the Plaintiff due to her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina.

36. The aforesaid conduct of the Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

37. As a direct and proximate result of the acts and practices of the Defendants in the discrimination, retaliation, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, to include back pay, front pay, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### Violation of Title VII – Racial Discrimination

38. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

39. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

40. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on her race and/or color;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

41. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

42. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

43. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, she would not have been terminated.

44. As a direct and proximate result of the Defendants' discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

45. The Defendants' discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

46. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation

47. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

48. As alleged above, Plaintiff complained to the Defendants on several occasions about racial discrimination, sex/gender discrimination, and pregnancy discrimination.

49. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

50. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

51. The Defendants' stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

52. The Plaintiff's reports of racial discrimination, sex/gender discrimination, and pregnancy discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of racial discrimination, sex/gender discrimination, and pregnancy discrimination she would not have been terminated.

53. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

54. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

55. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

56. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

57. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

58. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

## REQUEST FOR RELIEF

59. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

60. Due to the acts of the Defendants, the Plaintiff suffered great emotional and mental distress, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

61. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendants for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action an any other relief this Honorable Court deems allowable under law, and just and proper.

                              **WIGGER LAW FIRM, INC.**

                              *s/Landon L. Brock*
                              Landon L. Brock (Fed. I.D. #13528)
                              Attorney for the Plaintiff
                              8086 Rivers Avenue, Suite A
                              North Charleston, SC  29406
                              Telephone:     (843) 553-9800

North Charleston, South Carolina
July 10, 2024.